UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 1:08-CV-246 |
| DANIEL ROYSE, RICHARD JENNINGS, DAVID TINSLEY, TIMOTHY HUGHES, and MICHAEL McEACHERN, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On October 21, 2008, Plaintiff Anthony C. Martin leveled a *pro se* complaint against the Fort Wayne Police Department ("FWPD"), FWPD Officers Daniel Royse, Richard Jennings, David Tinsley, Timothy Hughes, and Michael McEachern, and Chief of Police Rusty York, under 42 U.S.C § 1983. Martin alleged a host of federal and state law claims arising from an encounter with the Defendant Officers on September 28, 2008. (Docket # 1.) At Martin's request, experienced counsel was recruited to represent him. (Docket # 25.)

Martin's counsel has properly distilled this case down to the claim that during a purported investigatory stop, the officers used excessive force and detained him for an unreasonably long period of time, and thus deprived him of his Fourth Amendment rights. Following the grant of summary judgment in favor of the FWPD and Chief York, (Docket # 44), Martin's claims against the Defendant Officers are proceeding to trial. Now before the Court are competing motions in limine. For the reasons provided, the Defendants' Motion in Limine (Docket # 53 ) and the Plaintiff's Motion in Limine (Docket # 55) will each be GRANTED.

## I. NATURE OF AN ORDER IN LIMINE

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002); see *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999) ("A motion in limine is a request for guidance by the court regarding an evidentiary question." (citation omitted)). A court's ruling on a motion *in limine*, however, is only preliminary in nature. *McKinney v. Duplain*, No. 1:04-cv-294-RLY-TAB, 2008 WL 4368857, at *1 n.1 (S.D. Ind. Jan. 10, 2008).

That is, a ruling *in limine* is "'subject to change when the case unfolds,' particularly if the actual testimony differs from what was proffered." *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1055 (N.D. Ill. 2009) (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)); *see Wilson*, 182 F.3d at 570 (emphasizing that an order either granting or denying a motion *in limine* is "merely speculative in effect, completely dependent upon what happens at trial"). "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Mason*, 631 F. Supp. 2d at 1055 (quoting *Luce*, 469 U.S. at 41-42). Judges have broad discretion when ruling on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

## II. THE DEFENDANTS' MOTION IN LIMINE

The Defendants seek to prevent the introduction of any evidence related to: (1) citizen complaints, other criminal or civil actions, or discipline against the Defendant Officers; (2) any reference to settlement negotiations; (3) any reference to whether the City of Fort Wayne will likely be paying for any judgment against the Defendant Officers; (4) any information that was

not disclosed under Federal Rule of Civil Procedure 26(e); (5) any testimony regarding problems Martin has had with FWPD officers before or after the September 29, 2008, incident; and (6) paragraphs 15, 16, 17, 19, 20, and 21 of Martin's affidavit. Martin did not offer any objection to the Defendants' Motion. Consequently, the Defendants' Motion is GRANTED with respect to these matters.

### III. THE PLAINTIFF'S MOTION IN LIMINE

*A. Unopposed Portions of Martin's Motion in Limine*

The Defendants do not raise any objection to paragraph 2 of Martin's Motion in Limine, concerning any reference to Martin's other claims against individual FWPD Officers, the FWPD itself, or the City of Fort Wayne, to suggest that he is overly litigious. Consequently, Martin's Motion will be GRANTED with respect to this matter.

*B. Martin's Criminal Record*

Martin seeks to prevent the use of his past criminal convictions for impeachment under Federal Rule of Evidence 609(a). Rule 609 provides that evidence of a witness's criminal conviction is admissible, subject to Rule 403, "if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . ." Fed. R. Evid. 609(a)(1). Convictions are not admissible, however, "if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).[1]

---

[1] The Seventh Circuit Court of Appeals has "defined both the starting and ending points for the calculation of Rule 609(b)'s ten-year time limit. The clock starts at the witness's release from any physical confinement, or in

Martin argues that the convictions the Defendants intend to use to impeach him are more than ten years old, and are therefore inadmissible under Rule 609(b) because their probative value is outweighed by their prejudicial effect. The Defendants summarily respond that the probative value of Martin's past convictions is not outweighed by their prejudicial effect. At this stage, Martin's Motion in Limine is GRANTED with respect to this evidence. Martin's convictions that are outside the ten year limit will not be admitted until the Court has the opportunity to gauge their prejudicial effect in the context of the trial. Fed. R. Evid. 403.

*C. Any Other Criminal Activity By Martin*

The Plaintiff next seeks to prevent the Defendants from introducing evidence of "any criminal charges or events, not necessarily reduced to convictions, including gang activity, that would reflect on [his] 'bad' character." (Pl.'s Mot. in Limine 2.) The Defendants apparently concede that such conduct is not admissible to show a general lack of character, but rather counter that this evidence is admissible to show a bias against police officers.

The Defendants have offered no evidence that Martin would have a particular bias against the Defendant Officers or even the FWPD. *See, e.g., Brandon v. Vill. of Maywood*, 179 F. Supp. 2d 847, 853-55 (N.D. Ill. 2001) (finding that evidence of prior arrests were only slightly probative of bias, and excluding plaintiff's arrests because one was made by a different police department and the other did not involve the same officers in the case, and excluding the other witnesses' prior arrests because those arrests also did not involve officers in the case). A generalized "bias" on the part of Martin is therefore largely irrelevant to the present claims

---

the absence of confinement, the date of the conviction." *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008) (citation omitted). "[T]he end date of the time limit for impeaching convictions is the start of the trial at which the witness is testifying." *Id.* (citation omitted).

against the Defendants and will not be admitted into evidence. Fed. R. Evid. 402.

Moreover, introduction of this evidence would result in a considerable waste of time, as Martin's other alleged criminal activity would become a trial within itself, as Martin disputes one incident after another. Fed. R. Evid. 403; *See Soller v. Moore*, 84 F.3d 964, 968 (7th Cir. 1996) (discussing the need to avoid a "trial within a trial"). Furthermore, the slight probative value, if any, of Martin's potential bias against police officers is substantially outweighed by the risk of undue prejudice and confusion of the issues if his largely irrelevant alleged criminal tendencies are paraded before the jury. Fed. R. Evid. 403. Accordingly, Martin's motion is GRANTED with respect to this evidence.

### D. Martin's Mental History

Finally, Martin seeks to exclude "mental health records for which [he] does not claim specific treatment until a foundation is laid for their admissibility." (Pl.'s Mot. in Limine 2.) The Defendants respond that since Martin is seeking damages from emotional distress, they should be allowed to introduce evidence of alternative causes of his emotional distress.

At this point in time, Martin's Motion in Limine is GRANTED with respect to this evidence. Medical records evincing other possible causes for Martin's claimed mental distress will be excluded until the Defendants establish a foundation for their admissibility. *See Schober v. SMC Pneumatics, Inc*., No. IP 99-1285-C, 2000 WL 1911684, at *2 (N.D. Ind. Dec. 4, 2000) (discussing procedure to admit and authenticate medical records); Fed. R. Evid. 803(6). Nevertheless, counsel are instructed to attempt to redact confidential and irrelevant information in the additional medical records in the event they may ultimately be admitted.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine (Docket # 53) and Plaintiff's Motion in Limine (Docket # 55) are both GRANTED.  It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury. Counsel are further ORDERED to warn and caution each and every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Enter for April 14, 2010.

     S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge