UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ANTHONY C. MARTIN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CASE NO. 1:08-cv-246 |
| DANIEL ROYSE, et al., | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

This matter is before the Court on the *pro se* Plaintiff's Motion and Request for an Extension of Time to File a Notice of Appeal. (Docket # 93.) Because the Plaintiff's Motion is untimely and the Plaintiff received notice of the judgment entered against him, his request for an extension of time is DENIED.

On April 26, 2010, the Clerk entered a judgment against the Plaintiff in his lawsuit under 42 U.S.C. § 1983 against various Fort Wayne Police Officers.[1] The Plaintiff filed a Motion for a New Trial on May 17, 2010, which the Court denied on June 11, 2010. (Docket # 89.) On July 26, 2010, the Plaintiff filed an untimely Notice of Appeal as to both the Clerk's entry of judgment against him and the Court's denial of his motion for a new trial. (Docket # 90.) Subsequently, on September 17, 2010, the Plaintiff filed the current Motion,

---

[1] Although the Plaintiff began his lawsuit *pro se*, the Court later appointed him counsel, who quite ably tried the case. That counsel withdrew on May 28, 2010 (*see* Docket # 84), and the Plaintiff is again proceeding *pro se*.

1

asking that he retroactively be granted an extension of time to file his Notice of Appeal. (Docket # 93.)

The Federal Rules of Appellate Procedure offer two possibilities to address an untimely-filed notice of appeal. Rule 4(a)(5) permits the appellant to file a motion for an extension of time to file a notice of appeal. The Court may extend the time to file a notice of appeal if the appellant moves to do so no later than 30 days after the initial 30-day period to file a notice of appeal has expired. Stated differently, a motion for an extension of time to file a notice of appeal is untimely if it comes more than 60 days after the judgment or order to be appealed is entered. Even if the motion for an extension of time is timely filed, however, an extension will not be granted absent a showing of excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii); *Clark v. U. S. Gypsum Co.*, No. 2:02-cv-500, 2009 WL 3199128, at *1 (N.D. Ind. Sept. 25, 2009).

Alternatively, under Rule 4(a)(6) the district court may reopen the time to file an appeal for a period of 14 days if three conditions are met. The Court must find that the moving party did not receive notice of the judgment or order being appealed within 21 days of its entry; the motion must be filed within 180 days after the judgment or order being appealed is entered or within 14 days of when the moving party receives notice of the entry; and the Court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6)(A)-(C).

The Plaintiff's Motion for an Extension of Time fails under both Rule 4(a)(5) and 4(a)(6). The Plaintiff's original Notice of Appeal was filed on July 26, 2010. In order for the Plaintiff's appeal to be timely, however, the original Notice must have been filed within 30 days of the Court's denial of his request for a new trial—that is, on or before July 12, 2010.

Under Rule 4(a)(5), the Plaintiff could have received a retroactive extension of time in which to file his Notice of Appeal if he requested the extension within 30 days of the original July 12, 2010, deadline to appeal—that is, no later than August 11, 2010. However, the Plaintiff's Motion for an Extension of Time was filed on September 17, 2010—37 days after the last possible date to request an extension. The Plaintiff's Motion for an Extension of Time is therefore itself untimely and must be denied.[2] *See Clark,* 2009 WL 3199128, at *1-2 (denying as untimely a motion for an extension of time filed 60 days after judgment); *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines.").

Similarly, the Plaintiff's Motion fails under Rule 4(a)(6). The Court could reopen the period of time to file a Notice of Appeal if the Plaintiff did not receive notice of the original judgment with 21 days. However, the Plaintiff has made no such claim, and indeed, a review of the record indicates that the Plaintiff was certainly aware of the judgment, as it formed the basis of his May 17, 2010, Motion for a New Trial. *See Clark,* 2009 WL 3199128, at *1-2 (noting that plaintiff must have had notice of final judgment because he filed a motion for reconsideration). Rather, or so the Plaintiff alleges, his delay in appealing was due to his unsuccessful attempt at retaining appellate counsel and his ignorance of the 30-day deadline. (*See* Docket # 93.) Accordingly, the Court cannot grant the Plaintiff a further extension of time to file his Notice of Appeal and the Motion must also be denied on this basis. *See*

---

[2] Of course, even if the Motion for an Extension of Time was timely filed, the Plaintiff would still need to show excusable neglect or good cause why the original Notice of Appeal was not timely filed. Fed. R. App. P. 4(a)(5)(A)(ii). The Plaintiff has not attempted to, and indeed likely cannot, establish either good cause or excusable neglect.

*Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (dismissing late notice of appeal and noting that a miscalculation of time is insufficient to extend the deadline).

In conclusion, the Plaintiff's Motion for an Extension of Time was not timely filed under Federal Rule of Appellate Procedure 4(a)(5). Similarly, the Plaintiff's Motion fails under Rule 4(a)(6) because he had notice of the original judgment. Accordingly, the Plaintiff's Motion for an Extension of Time to File Notice of Appeal (Docket # 93) is DENIED.

SO ORDERED

Dated: September 22, 2010.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge